UNITED STATES of America,

v.

**Roberto RODRIGUEZ a/k/a Berto, a/k/a Pablo Santos, a/k/a Humberto Rodriguez, Roberto Rodriguez, Appellant.**

No. 02–1396.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Feb. 28, 2003.

Decided March 4, 2003.

BEFORE: SCIRICA, GREENBERG, and GIBSON,* Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Robert Rodriguez pursuant to a plea agreement pleaded guilty to eight counts of distribution of heroin or cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860. The plea agreement provided for the government to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and to permit the court to sentence him below the mandatory statutory minimum term specified in 18 U.S.C. § 3553(e), provided that Rodriguez satisfied his obligation in the agreement to cooperate with the government. The plea agreement further provided that the government would move to dismiss the remaining counts of the indictment with respect to Rodriguez. In addition, the plea agreement included stipulations that the cocaine base was crack, establishing the quantities of heroin and cocaine base that Rodriguez distributed, agreeing that the distributions were within 1000 feet of a school or schools and that he had a supervisory role in the offenses, and providing that he was entitled to a 3–level reduction of his sentencing level for acceptance of responsibility.

The subsequently prepared presentence report established that Rodriguez's sen-

* Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

tencing level was 29 and his criminal history category was II so that his guideline range was 97 to 121 months. The report also pointed out that Rodriguez was subject to a five-year minimum mandatory sentence under 21 U.S.C. §§ 860 and 841(b)(1)(B). The government, in accordance with the plea agreement, filed a motion to permit the court to impose a sentence below the guidelines sentencing range and below the statutory minimum sentence and to dismiss the remaining counts of the indictment as to Rodriguez. The court did dismiss the remaining counts of the indictment and sentenced Rodriguez to a 75–month custodial term to be followed by an eight-year term of supervised release. In addition, the court imposed a $1,000 fine. This appeal followed. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

Rodriguez raises one argument on this appeal. He points out that Fed.R.Crim.P. 32(c)(3)(A) provides that before imposing sentence the court must "verify that the defendant and defendant's counsel have read and discussed the presentence report ... and must also give the defendant and the defendant's counsel a reasonable opportunity to comment on that information." The record does not reflect that the court made that verification and, though the court gave Rodriguez the opportunity to make a statement before it sentenced him, it did not specifically give him an opportunity to comment on the report. Rodriguez argues that in view of these omissions he should be resentenced.

The government acknowledges that the court did not comply with Rule 32(c)(3)(A). It points out, however, that Rodriguez's attorney expressly stated at the sentencing that he had no objections to the report and thus he must have read it. It then argues, citing *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508

(1993), and *United States v. Stevens,* 223 F.3d 239, 241–42 (3d Cir.2000), *cert. denied,* 531 U.S. 1179, 121 S.Ct. 1157, 148 L.Ed.2d 1018 (2001), that we should consider the oversight on a plain error basis and affirm because the error did not affect Rodriguez's rights.

We agree with the government and thus will affirm. Even if the presentence report had not been available before the sentencing, which it was, it surely is available now. Yet Rodriguez makes no argument that if the court had complied with Rule 32(c)(3)(A) his sentence might have been more favorable. In fact, he does not point to a single error or omission in the report. In the circumstances we will not remand the matter for resentencing on the same record and with the court having the same information it had when it sentenced Rodriguez.

For the foregoing reasons we will affirm the judgment of conviction and sentence entered January 31, 2002.